UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-81275-Middlebrooks/Brannon

NELSON FERNANDEZ,

     Plaintiff,

vs.

DIAMONDS BY RAYMOND LEE,
LLC, a Florida Limited Liability Company,

     Defendant.

_____/

### DEFENDANT, DIAMONDS BY RAYMOND LEE, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Diamonds By Raymond Lee, LLC, ("Defendant") by and through undersigned counsel, hereby answers and asserts its affirmative defenses to the Complaint ("Complaint") filed by Plaintiff, Nelson Fernandez ("Plaintiff"), as follows:

1.    Defendant admits only that Plaintiff's action purports to be for declaratory and injunctive relief pursuant to the statutory provisions set forth in paragraph 1 but denies that any acts or omissions giving rise to Plaintiff's claim occurred or that a violation of the statutes and regulations set forth in paragraph 1 occurred.

2.    Defendant admits only that Plaintiff's action purports to be for declaratory and injunctive relief pursuant to the statutory provisions set forth in paragraph 2, but denies that any acts or omissions giving rise to Plaintiff's claim occurred or that a violation of the statutes and regulations set forth in paragraph 2 occurred.

3.    Defendant admits that venue is proper but denies the remaining allegations of paragraph 3.

4.    Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

Fernandez v. Diamonds by Raymond Lee, LLC
Defendant's Answer and Affirmative Defenses to Complaint
Page 2

5.      Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

6.      Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

7.      Defendant admits that it is a Florida limited liability company authorized to do business and is doing business in the State of Florida and that Defendant owns a retail store. Defendant is without knowledge sufficient to form a belief as to the truthfulness of the remaining allegations and therefore denies same.

8.      Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

9.      Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Defendant denies that its website provides "tips and advice" and "editorials". Defendant admits the remaining allegations of paragraph 13.

14.     Denied.

15.     Denied.

16.     Defendant admits that it owns and operates the website. Defendant denies the remaining allegations of paragraph 16.

17.     Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

18.     Defendant denies the allegation that it has not provided its business information in any digital format that is accessible for use by blind and visually impaired individuals using screen reader

Fernandez v. Diamonds by Raymond Lee, LLC
Defendant's Answer and Affirmative Defenses to Complaint
Page 3

software. Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies the remaining allegations of paragraph 18.

19.     Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

20.     Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

21.     Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations that Plaintiff "utilizes available screen reader software that allows individuals who are visually disabled to communicate with websites" and therefore denies same. Defendant denies the remaining allegations of paragraph 21.

22.     Denied.

23.     Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

24.     Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

25.     Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations regarding Plaintiff's desires and intent and therefore denies same. Defendant denies the remaining allegations of paragraph 25.

26.     Denied.

27.     The allegations of paragraph 27 contain a term or title that has not been defined. As a result, Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

28.     The allegations of paragraph 28 contain a term or title that has not been defined. As a result, Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

Fernandez v. Diamonds by Raymond Lee, LLC
Defendant's Answer and Affirmative Defenses to Complaint
Page 4

29.     The allegations of paragraph 29 contain a term or title that has not been defined. As a result, Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

30.     The allegations of paragraph 30 contain a term or title that has not been defined. As a result, Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

31.     The allegations of paragraph 31 contain a term or title that has not been defined. As a result, Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

32.     The allegations of paragraph 32 contain a term or title that has not been defined. As a result, Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

33.     The allegations of paragraph 33 contain a term or title that has not been defined. As a result, Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

34.     The allegations of paragraph 34 contain a term or title that has not been defined. As a result, Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

35.     Denied?

36.     Denied?

37.     Denied.

38.     Denied.

39.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

Fernandez v. Diamonds by Raymond Lee, LLC
Defendant's Answer and Affirmative Defenses to Complaint
Page 5

40.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

41.     Denied.

42.     Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

43.     Denied

44.     Denied.

45.     Defendant denies the allegation that it has violated any statute, regulation, or law.

46.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

47.     Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations and therefore denies same.

## COUNT I – VIOLATION OF THE ADA

48.     Defendant reincorporates by reference and re-asserts its responses to paragraphs 1-47 above.

49.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

50.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

51.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

52.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

53.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

Fernandez v. Diamonds by Raymond Lee, LLC
Defendant's Answer and Affirmative Defenses to Complaint
Page 6

54.     Denied.

55.     Denied.

56.     Defendant is without knowledge sufficient to form a belief as to the truthfulness of the allegations that Plaintiff's expert visited Defendant's website and therefore denies same. Defendant denies the remaining allegations of paragraph 56.

57.     Denied.

58.     The allegations of paragraph 58 contain a term or title that has not been defined. As a result, Defendant is without knowledge sufficient to form a belief as to the truthfulness of the remaining allegations and therefore denies same.

59.     Defendant admits that there are guidelines posted on the internet by various individuals and entities regarding the general issue of website accessibility for the blind and visually disabled. Defendant is without knowledge sufficient to form a belief as to the truthfulness of the remaining allegations and therefore denies same.

60.     Denied.

61.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

62.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

63.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

64.     Defendant states that the referenced statutes and/or regulations speak for themselves and to the extent the allegations are inconsistent therewith, Defendant denies said allegations.

65.     Denied.

66.     Denied.

67.     Denied.

Fernandez v. Diamonds by Raymond Lee, LLC
Defendant's Answer and Affirmative Defenses to Complaint
Page 7

68.     Denied.

69.     Denied.

## **GENERAL DENIAL**

Defendant denies every allegation contained in the Complaint that is not specifically responded to.

## **AFFIRMATIVE DEFENSES AND AVOIDANCE**

1.      As its First Affirmative Defense, Defendant states that Defendant corrected those conditions that Plaintiff complains of as to this specific Defendant, thereby making it unlikely there will be any future discrimination.  Thus, this is unnecessary and Plaintiff would not be entitled to relief including recovery of attorney's fees because Defendants removed the barriers or will remove any other specifically identified barriers from its website prior to an alteration in the relationship of the parties.

2.      As its Second Affirmative Defense, Defendant states despite technical non-compliance, the challenged accommodations in fact allow or will allow, after the intended modifications, effective access to Defendant's website.

3.      As its Third Affirmative Defense, Defendant states that Plaintiff has failed to assert a connection between Defendant's lack of compliance and the benefits, goods, or services deprived to Plaintiff by Defendant's website.

4.      As its Fourth Affirmative Defense, Defendant states that Plaintiff lacks standing to seek injunctive relief for the removal of technical barriers on Defendant's website that Plaintiff did not actually encounter and of which Plaintiff had no notice at the time of the filing of this Complaint.

5.      As its Fifth Affirmative Defense, Defendant states that Plaintiff lacks standing to bring claims for the specific violations alleged in this action.

Fernandez v. Diamonds by Raymond Lee, LLC
Defendant's Answer and Affirmative Defenses to Complaint
Page 8

6.      As its Sixth Affirmative Defense, Defendant states that Plaintiff lacks standing to bring this action for relief against Defendant for purported discrimination and denial of access to Defendant's website (a) from which he did not seek access to or goods & services; (b) of which he has no knowledge of prior to commencement of this action; and (c) which are not related to his disabilities.

7.      As its Seventh Affirmative Defense, Defendant states that Plaintiff lacks standing in that he has not suffered cognizable injuries or damages in that he has never patronized or visited the website and has no definite intention of patronizing or visiting the website in the future and there is no case or controversy.

8.      As its Eighth Affirmative Defense, Defendant states that Plaintiff cannot state a claim under the Americans with Disabilities Act ("ADA") because Plaintiff cannot show he was denied the full and equal enjoyment of Defendant's goods, services, facilities or accommodations because of his disability by Defendant's failing to make a requested reasonable modification that was necessary to accommodate Plaintiff's disability.

9.      As its Ninth Affirmative Defense, Defendant states that that Plaintiff cannot state a claim under the ADA because Plaintiff cannot establish that he was excluded from participation in Defendant's goods, services, facilities or accommodations because of his disability.

10.     As its Tenth Affirmative Defense, Defendant states that Plaintiff cannot state a claim under the ADA because the subject website is not a place of public accommodation.

11.     As its Eleventh Affirmative Defense, Defendant states that Plaintiff cannot state a claim under the ADA because Defendant is presently in the process of evaluating and updating its website accessibility.

12.     As its Twelfth Affirmative Defense, Defendant states that Plaintiff cannot state a claim under the ADA because current federal law does not require Defendant to implement the policies and procedures demanded by Plaintiff.

Case 9:20-cv-81275-DMM   Document 11   Entered on FLSD Docket 09/08/2020   Page 9 of 11

Fernandez v. Diamonds by Raymond Lee, LLC
Defendant's Answer and Affirmative Defenses to Complaint
Page 9

13.     As its Thirteenth Affirmative Defense, Defendant states that the purported features alleged in Plaintiff's complaint, if any, provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimus, the features were usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access the features.

14.     As its Fourteenth Affirmative Defense, Defendant states that any allegedly wrongful acts or omissions performed by Defendant or its agents, to the extent there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint, if any, is not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expenses when taking into account the facts set for at 42. U.S.C. section 12181.

15.     As its Fifteenth Affirmative Defense, Defendant states that Plaintiff fails to state a claim upon which relief may be granted under the ADA to the extent that Plaintiff's Complaint seeks accommodations exceeding the requirements set forth in the Title III regulations, and to the extent that any accommodations required already exist.

16.     As its Sixteenth Affirmative Defense, Defendant states that any allegedly wrongful acts or omissions performed by Defendant or its agents, if any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods other than the removal of the alleged barriers.

17.     As its Seventeenth Affirmative Defense, Defendant states that any allegedly wrongful acts or omissions performed by Defendant or its agents, if any, do not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically not feasible.

18.     As its Eighteenth Affirmative Defense, Defendant states that insofar as Defendant has not made alterations to the subject website, which Plaintiff contends should have been made, those

Fernandez v. Diamonds by Raymond Lee, LLC
Defendant's Answer and Affirmative Defenses to Complaint
Page 10

changes were not and are not required under applicable law, and any requirements to make those changes would impose an undue burden upon Defendant.

19.     As its Nineteenth Affirmative Defense, Defendant states that Plaintiff's claims are barred because Defendant made or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiffs' alleged disabilities.

20.     As its Twentieth Affirmative Defense, Defendant states that the Complaint fails to state facts sufficient to constitute a claim against Defendant because any action taken which affected Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disabilities or other asserted protected status.

21.     As its Twenty-First Affirmative Defense, Defendant states that Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law and circumstances known by them at the time it acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

22.     As its Twenty-Second Affirmative Defense, Defendant states that the allegations contained in Plaintiff's Complaint are barred by the ripeness doctrine because the U.S. Department of Justice has not issued regulations on accessibility standards for websites.

23.     As its Twenty-Third Affirmative Defense, Defendant states that its right to due process would be violated by imposing liability on it for the failure to abide by alleged accessibility standards about which the government has not given Defendant fair notice.

24.     As its Twenty-Fourth Affirmative Defense, Defendant states that Plaintiff's claims are barred, in whole or in part, because any award to him would constitute unjust enrichment

25.     As its Twenty-Fifth Affirmative Defense, Defendant states that Plaintiff has failed to plead or establish entitlement to any award of attorneys' fees or costs.

26.     As its Twenty-Sixth Affirmative Defense, Defendant states that no act or omission of Defendant constituted willful or intentional discrimination.

Fernandez v. Diamonds by Raymond Lee, LLC
Defendant's Answer and Affirmative Defenses to Complaint
Page 11

WHEREFORE, Defendant has answered the Complaint and requests that it be dismissed with prejudice and the Court award its costs and attorney's fees pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on September 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Kenneth L. Minerley
Kenneth L. Minerley
Fla. Bar No. 521840
Primary Email:
Ken@minerleyfein.com
Meghan E. Miller
Fla. Bar No. 1003898
Meghan@minerleyfein.com

**MINERLEY FEIN, P.A.**
*Attorneys for Defendant*
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Phone:       561/362-6699
Fax:   561/447-9884
Fileclerk@minerleyfein.com
litigation@minerleyfein.com